IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL HAYES,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br><br>Case No. 2:06-CV-533 TS |

This matter is before the Court on the Commissioner's Motion to Dismiss[1] Plaintiff's administrative appeal related to the denial of Social Security benefits. The Commissioner argues that Plaintiff's suit is untimely, and therefore, fails to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the Commissioner's Motion.

While courts may grant motions for failure to respond,[2] the Tenth Circuit has stated that this is appropriate only when certain "aggravating factors outweigh[] the judicial system's strong

---

[1]Docket No. 5.

[2]*See, e.g.*, DUCivR 7-1(b).

1

predisposition to resolve cases on their merits."[3]  The Court declines to address whether dismissal for failure to respond is appropriate here, and proceeds to the merits of the Motion.

Plaintiff was denied disability benefits by an Administrative Law Judge ("ALJ") on May 12, 2005.  Plaintiff requested review by the Appeals Council.  On February 28, 2006, Plaintiff's request was denied and Plaintiff was notified of his right to commence a civil action within sixty days from the date of receipt.[4]  On May 1, 2006, Plaintiff requested an extension of the time to file a civil suit.  The Appeals Council granted Plaintiff a thirty day extension.  Based on this date, Plaintiff was required to file any action on or before June 22, 2006.[5]  Plaintiff filed an action in this Court on June 30, 2006.

The Commissioner, in her Motion, argues that this action should be dismissed pursuant to the sixty day limitations period, and because there are no circumstances in this case that would justify equitable tolling of the period.

The Tenth Circuit has upheld 42 U.S.C. § 205(g)'s sixty day time limitation.[6]  Moreover, there is nothing before the Court which would indicate that equitable tolling would be proper here.  The Court will, therefore, dismiss this action with prejudice as being untimely.

---

[3] *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (citing *Miller v. Dept. of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991)).

[4] *See* 42 U.S.C. § 205(g) (setting forth the sixty day limitation).

[5] *Id.*; *see also* 20 C.F.R. § 404.981 (allowing five extra days for receipt).

[6] *E.g.*, *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989); *White v. Schweiker*, 725 F.2d 91, 93-94 (10th Cir. 1984).

It is therefore

ORDERED that the Commissioner's Motion to Dismiss (Docket No. 5) is GRANTED. Plaintiff's action is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case.

DATED   March 1, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge